UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-CR-00185 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 56] |
| KENNETH A. WHITE., | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 28, 2014, a grand jury indicted Defendant Kenneth A. White of conspiracy to make false claims and multiple counts of making false claims in violation of 18 U.S.C § 2, 286, and 287.[1] White has moved to dismiss the indictment on jurisdictional grounds, arguing primarily that much of the alleged conduct occurred outside the Northern District of Ohio.[2] The government has filed a response.[3] For the following reasons, the Court **DENIES** White's motion to dismiss the indictment.

**I.**

As an initial matter, although White's motion refers to problems with jurisdiction, the substance of his argument appears more related to venue. The Court will consider the motion to dismiss as having raised both arguments. Federal district courts have original jurisdiction over "all offenses against the law of the United States."[4] Because White is charged with federal offenses, the Court has jurisdiction to hear this case.

---

[1] Doc. 1.
[2] Doc. 56.
[3] Doc. 68.
[4] 18 U.S.C. § 3231.

Case No. 1:14-CR-00185
Gwin, J.

Turning to venue, venue for a criminal prosecution typically lies in the judicial district where the crime was committed.[5] When a crime is committed in multiple judicial districts, venue is proper in any of them.[6] In prosecutions such as this one for making false claims against the United States government, venue is proper both where the false claim is made or prepared and where it is presented.[7]

At trial, the government must establish that venue is proper as to each count of the indictment by a preponderance of the evidence.[8] Pretrial dismissal for want of venue is unwarranted where the indictment alleges that an offense occurred in the relevant judicial district and the government is prepared to make the required venue showing at trial.[9]

In the present case, the indictment alleges that each of the counts occurred in the Northern District of Ohio.[10] The government has indicated that it will meet its venue burden at trial by demonstrating that White prepared and directed the preparation of the false claims at issue while in the Northern District of Ohio.[11] If the government makes this showing at trial, it will have established proper venue, even if the false claims were presented elsewhere. The Court thus concludes that dismissal for lack of venue is unwarranted in this case.

Finally, White's motion says that the indictment should also be dismissed due to "abuse of the grand jury."[12] White appears to rest this claim, however, on the same jurisdictional arguments

---

[5] U.S. Const. art. 3, § 2, cl.3; Fed. R. Crim. Pro. 18.
[6] 18 U.S.C. § 3237(a).
[7] *United States v. Shields*, 1:13-cr-125, 2014 WL 2154867, at *4 (S.D. Ohio May 22, 2014).
[8] *United States v. Crozier*, 259 F.3d 503, 519 (6th Cir. 2001).
[9] *Shields*, 2014 WL 2154867, at *5.
[10] Doc. 1 at paras. 1, 4-6.
[11] Doc. 68 at 3.
[12] Doc. 56 at 3.

Case No. 1:14-CR-00185
Gwin, J.

that the Court has rejected above. Accordingly, White has demonstrated no abuse of the grand jury.

## II.

For the foregoing reasons, the Court **DENIES** White's motion to dismiss the indictment.

IT IS SO ORDERED.


Dated: October 17, 2014          s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE