UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

KENNETH A. WHITE, : Case No. 1:14-CR-185
: Case No. 1:16-CV-2776
    Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Docs. 178, 180, 182,
UNITED STATES OF AMERICA, : 1:14-CR-185]
: [Resolving Doc. 1, 1:16-CV-2776]
    Respondent. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Kenneth A. White petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] He argues that his right to a speedy trial was violated, that pre-indictment delay deprived him of due process and equal protection, and that he received ineffective assistance of counsel. For the reasons below, the Court **DENIES** White's petition.

## I. Background

Petitioner Kenneth A. White's habeas petition centers on the timing of his indictment and the timing of his tax fraud trial.

White's tax fraud began in May 2009. In the fall of 2010, while the government was investigating White's tax fraud, the United States indicted White for unrelated federal crimes.[2] White initially accepted a global plea agreement that also encompassed his tax fraud offenses, but White then withdrew his guilty plea. White went to trial before United States District Judge Solomon Oliver on the other federal offenses. A jury convicted White of non-tax charges on February 10, 2012.[3]

---

[1] Doc. 178. The government opposes. Doc. 183. Petitioner White replies. Doc. 187.
[2] Docket No. 09-cr-17, Doc. 95 (making false statements in loan applications); Docket No. 10-cr-442, Doc. 1 (conspiracy to defraud automobile finance and mortgage companies and wire fraud).
[3] Docket No. 09-cr-17, Doc. 179.

On May 28, 2014, a federal grand jury charged Petitioner White with conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and making false, fictitious, or fraudulent claims to the IRS, in violation of 18 U.S.C. § 287(a).[4] The conspiracy involved filing false tax returns and fraudulent claims for income tax refunds. More than $1,900,000 of false claims for tax refunds were made and over $340,000 of actual loss resulted.

On July 7, 2014, White moved to continue the trial.[5] He argued that his case "involve[d] a great volume of evidentiary material" and "that additional time [was] needed in order to further review discovery, investigate the factual circumstances surrounding this case, and conduct the necessary legal research."[6] Because of the tax fraud case's complexity, this Court found that continuing the trial best served the ends of justice.[7] On July 16, 2014, White agreed to waive his right to a speedy trial.[8]

White pleaded guilty on August 18, 2014.[9] After pleading guilty, White moved to withdraw his guilty plea.[10] The Court allowed White to withdraw his guilty plea on August 29, 2014.[11] Trial began sixty days later on October 28, 2014. A jury convicted White of conspiracy (Count 1) and making false claims (Counts 2-3 and 5-8).[12]

The Court sentenced Petitioner White to 120 months imprisonment on Count 1 and 55 months on Counts 2-3, and 55 months on Counts 5-8.[13] White's sentences on Counts 2-3 and 5-8 run concurrently, with the first 20 months running concurrently with the Count 1 sentence. The

---

[4] Doc. 1.
[5] Doc. 28.
[6] *Id.* at 1-2.
[7] Doc. 36.
[8] *Id.* at 2.
[9] Doc. 39.
[10] Doc. 45.
[11] Doc. 52.
[12] Doc. 92.
[13] Doc. 127.

Case No. 1:14-CR-185
Gwin, J.

remaining 35 months run consecutive to the Count 1 sentence.[14] The Court further ordered that White receive credit for time served for these offenses and that the entire 155-month sentence run consecutively to the sentence imposed by Judge Oliver in 2012.[15]

White appealed to the Sixth Circuit. He argued that "his due-process rights were violated when the government delayed prosecution from 2010 to 2014, that the district court failed to make any findings to support its decisions to impose consecutive sentences, and that the district court improperly applied the two-level sophisticated-means enhancement."[16] The Sixth Circuit affirmed White's conviction and sentence.[17]

On November 14, 2016, White filed the instant § 2255 petition.[18] White petitions on three grounds. First, he argues that his right to a speedy trial was violated.[19] Second, White argues that the delay of his tax fraud indictment violated his due process and equal protection rights.[20] Third, White argues that he received ineffective assistance of counsel because his attorney failed to properly litigate his pre-indictment delay or speedy trial claims.[21]

After the government failed to timely respond, Petitioner White moved for default judgment under Fed. R. Civ. P. 56(a).[22] The Court granted the government's motion for an extension of time to file a response on January 5, 2017.[23] The next day, Petitioner White filed another motion demanding judgment.[24] The government responded to White's habeas petition on January 9, 2017.[25]

---

[14] *Id.*
[15] *Id.*
[16] Doc. 128.
[17] Doc. 164.
[18] Doc. 178.
[19] *Id.* at 4.
[20] *Id.* at 7.
[21] *Id.* at 5.
[22] Doc. 180.
[23] Doc. 181.
[24] Doc. 182.
[25] Doc. 183.

3

Case No. 1:14-CR-185
Gwin, J.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[26]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[27]

## III. Discussion

*A. The government did not violate Petitioner White's right to a speedy trial.*

White argues that the government intentionally "delay[ed] proceedings to gain a tactical advantage" and violated White's right to a speedy trial.[28]

To determine if a defendant's Sixth Amendment right to a speedy trial has been violated, courts consider the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."[29]

The Speedy Trial Act provides that a defendant entering a not-guilty plea is entitled to a trial "within seventy days from the filing (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such

---

[26] 28 U.S.C. § 2255(a).
[27] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[28] Doc. 178 at 4.
[29] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

4

Case No. 1:14-CR-185
Gwin, J.

charge is pending, whichever date last occurs."[30] Where a defendant has withdrawn a guilty plea, however, a new seventy-day period begins running "on the day the order permitting withdrawal of the plea becomes final."[31]

Petitioner White has not established any violation of the Sixth Amendment or Speedy Trial Act. White withdrew his guilty plea on August 29, 2014, and the order permitting his withdrawal became final that same day.[32] Trial began sixty days later on October 28, 2014,[33] within the new seventy-day period. Moreover, White voluntarily waived his right to a speedy trial when the Court declared his case to be complex.[34] White's speedy trial rights were not violated.

*B. Petitioner White's due process and equal protection claims fail.*

White argues that his due process and equal protection rights were violated. Specifically, he claims that the government delayed his indictment from 2010 to 2014.[35] According to White, the government could have brought the May 2014 false claims charges five years earlier in an indictment for making false claims in a loan application.[36] White also alleges that his attorney acted "in concert" with the prosecution to deprive White of his constitutional rights.[37]

The Court rejects White's claim regarding pre-indictment delay. White presented this claim on appeal and the Sixth Circuit denied it.[38] When the United States indicted White in 2010 for unrelated fraudulent activity, investigation into his tax fraud activities was ongoing.[39]

---

[30] 18 U.S.C. § 3161(c)(1).
[31] 18 U.S.C. § 3161(i).
[32] Doc. 52.
[33] Doc. 88.
[34] Doc. 36.
[35] Doc. 178 at 7.
[36] *Id.* at 4.
[37] *Id.* at 7.
[38] *United States v. White*, No. 15-3779 (6th Cir. Mar. 22, 2016).
[39] *Id.* at 2-3.

5

Although White initially accepted a global plea agreement offered by the government, he withdrew his guilty plea and the government continued its tax fraud investigation.[40]

White presented no evidence to the appeals court that the tax fraud indictment's delay prejudiced his defense,[41] nor does he offer evidence now. Additionally, White offers no evidence that defense counsel and the prosecution acted together.

Because White merely reasserts the pre-indictment delay claim rejected by the Sixth Circuit, the law-of-the-case doctrine stops this Court from revisiting the claim.[42] The Court of Appeals rejected this claim and, without significant new evidence, this Court has no authority to overrule the Court of Appeal's decision.

*C. Petitioner White received effective assistance of counsel.*

White argues that his counsel was deficient for failing to "correctly and effectively" litigate White's speedy trial and pre-indictment delay claims.[43]

To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[44]

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[45] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[46] The Court's review is deferential, as "strategic choices

---

[40] *Id.*
[41] *Id.* at 3.
[42] *See United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation . . . . A complementary theory, the mandate rule, requires lower courts to adhere to the commands of a superior court.").
[43] Doc. 178 at 5.
[44] 466 U.S. 668 (1984).
[45] *Id.* at 688.
[46] *Id.* at 690.

6

made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[47]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[48] It is not enough for White to show "that the errors had some conceivable effect on the outcome of the proceeding," as virtually "every act or omission of counsel would meet this test."[49] Rather, White must show that his counsel's performance "caused the defendant to lose what he otherwise would probably have won."[50]

Petitioner White's counsel rendered effective assistance. First, the attorney's performance did not fall below an "objective standard of reasonableness." As discussed above, there was no Speedy Trial Act violation and no prejudicial pre-indictment delay. "[T]he Sixth Amendment does not obligate counsel to pursue legal theories that are not available under the law."[51] White cannot show that his counsel's performance fell below the objective standard of reasonableness.

Moreover, White cannot show that he suffered any prejudice because of his counsel's alleged errors. Even if White's counsel had argued more fervently at trial and on appeal, counsel could not change two critical things: there was no speedy trial violation and no pre-indictment delay. Petitioner White received sufficiently effective assistance of counsel.

---

[47] *Id.* at 690-91.
[48] *Id.* at 695.
[49] *Id.* at 693.
[50] *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).
[51] *Seaman v. Washington*, 506 F. App'x 349, 358 (6th Cir. 2012); *see also Goldsby v. United States*, 152 F. App'x 431, 438 (6th Cir. 2005) ("Failing to file a frivolous motion does not constitute ineffective assistance of counsel.").

Case No. 1:14-CR-185
Gwin, J.

## IV. Conclusion

For the reasons stated in this opinion, this Court **DENIES** White's petition. Accordingly, the Court also **DENIES** White's motions for default judgment. This Court certifies that no appeal could be taken from this order in good faith.[52]

IT IS SO ORDERED.


Dated: April 13, 2017            *s/     James S. Gwin*
                                                                   JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE

---

[52] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).