UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
UNITED STATES OF AMERICA,   :   CASE NO. 1:14-CR-185
:
    Plaintiff,   :
:
  vs.   :   OPINION & ORDER
:   [Resolving Docs. 201, 202]
KENNETH A. WHITE,   :
:
    Defendant.   :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Kenneth A. White seeks relief under Federal Rule of Civil Procedure 60(b)(6) from final judgment of his 28 U.S.C. § 2255 petition.[1] White also moves for the Court to recuse itself from considering his Rule 60(b)(6) motion.[2] For the following reasons the Court **DENIES** the motion for recusal and **DENIES** the Rule 60(b)(6) motion.

## I. BACKGROUND

In Fall 2010, while the government was investigating White's tax fraud, the United States indicted White for unrelated federal crimes.[3] In that 2010 case, White initially accepted a global plea agreement that also encompassed his tax fraud offenses. But White then withdrew his guilty plea.

After withdrawing from the 2010 case plea deal, White went to trial before United States District Judge Solomon Oliver on two other non-tax federal cases. A jury convicted White of

---

[1] Doc. 202.
[2] Doc. 201.
[3] Docket No. 09-cr-17, Doc. 95 (making false statements in loan applications); Docket No. 10-cr-442, Doc. 1 (conspiracy to defraud automobile finance and mortgage companies and wire fraud).

conspiracy to commit bank and wire fraud; bank fraud; wire fraud; false statements on a loan application; and failure to appear on February 10, 2012.[4]

In this completely separate case, on May 28, 2014, a federal grand jury charged White with conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and making false, fictitious, or fraudulent claims to the IRS, in violation of 18 U.S.C. § 287(a).[5]

On July 16, 2014, the Court granted White's motion to continue the trial, and White waived his speedy trial rights.[6] Repeating what he had done in the two earlier federal criminal cases, after first pleading guilty,[7] White moved to withdraw his guilty plea.[8] The Court granted the withdrawal motion,[9] and White went to trial. On October 31, 2014, a jury convicted White of conspiracy and making false claims.[10] The Court sentenced White to 155 months in prison to run consecutively to Judge Oliver's 2012 sentence.[11]

When sentencing White, the Court considered the fact that this case involved an intended loss of $1,995,687 and an actual loss of $342,365.60.[12] The Court also considered that White had a criminal history that included felonious assault, a large number of theft convictions, and at least three federal bank fraud convictions involving large amounts of money.[13]

White appealed to the Sixth Circuit.[14] In his Sixth Circuit direct appeal, White argued that "his due-process rights were violated when the government delayed prosecution from 2010 to 2014, that the district court failed to make any findings to support its decisions to impose

---

[4] Docket No. 09-cr-17, Doc. 179.
[5] Doc. 1.
[6] Doc. 36.
[7] Doc. 39.
[8] Doc. 45.
[9] Doc. 52.
[10] Doc. 92.
[11] Doc. 127.
[12] Doc. 147 at 19:16-17, 32:12-18.
[13] *Id.* at 33:3-9; *see also* Doc. 122 at 12-22.
[14] Doc. 128.

consecutive sentences, and that the district court improperly applied the two-level sophisticated-means enhancement."[15] The Sixth Circuit affirmed White's conviction and sentence.[16]

White next filed a § 2255 petition.[17] In the habeas petition, White argued that (1) his right to a speedy trial was violated; (2) the delay of his tax fraud indictment violated his due process and equal protection rights; and (3) his counsel was ineffective for failing to properly litigate his pre-indictment delay or speedy trial claims.[18] On April 13, 2017, the Court denied habeas relief and denied a certificate of appealability.[19]

White then applied for a Sixth Circuit certificate of appealability.[20] On October 4, 2017, the Sixth Circuit denied the application.[21] The Sixth Circuit held that "reasonable jurists would not debate the district court's rejection of" White's three claims in his § 2255 petition.[22] The Sixth Circuit further held that "the district court's opinion carefully and correctly set[] out the facts and law governing the issues raised and clearly set[] forth the reasons underlying the decision."[23]

White now files the instant motion for Rule 60(b)(6) relief and the motion for recusal.[24] In his Rule 60(b)(6) motion, White argues the merits of the three claims he made in his § 2255 petition.[25] White also moves for the Court to recuse itself from considering his Rule 60(b)(6) motion due to the Court's role in sentencing White and the Court's role in ruling on White's habeas

---

[15] Doc. 163 at 2.
[16] Doc. 164.
[17] Doc. 178.
[18] *Id.* at 5.
[19] Doc. 191.
[20] Doc. 193.
[21] Doc. 200.
[22] *Id.* at 2-3.
[23] *Id.* at 3.
[24] Docs. 201, 202.
[25] *See* Doc. 202.

petition arguments.[26] White also states that the Court is biased against him for being African American.[27] The government filed an opposition to both motions.[28]

## II. DISCUSSION

**A. Motion to Recuse**

The Court denies White's motion to recuse itself from considering his Rule 60(b)(6) motion.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge can be disqualified on the basis of prejudice or bias only if this prejudice or bias is personal or extrajudicial.[29] A bias or prejudice is personal or extrajudicial if it "emanates from some source other than participation in the proceedings."[30]

White's arguments for recusal fail. The Court's participation in deciding White's sentencing and habeas petition is not a personal or extrajudicial bias. White further fails to explain how the Court may be biased against him for being African American.

**B. Rule 60(b)(6) Motion**

The Court denies White's motion for relief from the Court's final judgment on his § 2255 petition.

Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is

---

[26] Doc. 201.
[27] *Id.* at 3.
[28] Doc. 205.
[29] *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999).
[30] *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003).

based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Courts avoid granting relief from judgments due to "public policy favoring finality of judgments and termination of litigation."[31] In particular, courts use Rule 60(b)(6) only in exceptional or extraordinary circumstances, and only as a residual clause in cases that are not covered under the first five subsections of Rule 60(b).[32]

The Court cannot change the Sixth Circuit's holding under the law-of-the-case doctrine. Under the law-of-the-case doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."[33] The complementary mandate rule "requires lower courts to adhere to the commands of a superior court."[34]

The Sixth Circuit considered and ruled on White's bases for Rule 60(b)(6) relief when the Sixth Circuit considered and decided White's application for a certificate of appealability.[35] This Court has no authority to overrule the Sixth Circuit's ruling on those same arguments.

White also fails to show why the Court should depart from the law-of-the-case doctrine. The Sixth Circuit has permitted departure from the doctrine in "limited circumstances," such as "where there is substantially different evidence raised on subsequent trial; a subsequent contrary view of the law by the controlling authority; or a clearly erroneous decision which would work a manifest injustice."[36]

---

[31] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).
[32] *See Blue Diamond Coal*, 249 F.3d at 524.
[33] *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)).
[34] *Id.* (citing *Bell*, 988 F.2d at 251).
[35] *See* Doc. 200 at 2-3.
[36] *Moored*, 38 F.3d at 1421 (citations and internal quotation marks omitted).

Case No. 1:14-cr-185
Gwin, J.

White's arguments on "extraordinary circumstances" fail to make any of these showings. His arguments are grounded in the merits of his claims (which, as explained, this Court cannot re-review) and his own diligence in pursuing them.[37] Thus, White's Rule 60(b)(6) motion is denied.

### III. CONCLUSION

Accordingly, this Court **DENIES** the motion for recusal and **DENIES** the petition for Rule 60(b)(6) relief from judgment.

IT IS SO ORDERED

Dated: January 11, 2018                    *s/ James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE

---

[37] *See* Doc. 202 at 14-22.