UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------
:
KENNETH WHITE, : CASE NO. 1:14-CR-185
:
    Defendant-Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 214]
UNITED STATES OF AMERICA, :
:
    Plaintiff-Respondent. :
:
------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant-Petitioner Kenneth White seeks relief under Federal Rule of Civil Procedure 60(b)(3) from the Court's decision denying his 28 U.S.C. § 2255 petition. For the reasons stated below, the Court construes this motion as a successive section 2255 petition and **TRANSFERS** it to the Sixth Circuit for consideration.

## I. Background

On October 31, 2014, a jury convicted Petitioner White of conspiracy to defraud the government under 18 U.S.C. § 286 and false claims under 18 U.S.C. § 287(a) for submitting fraudulent tax returns.[1] The Court sentenced White to 155 months in prison. This term was to run consecutively with a sentence previously imposed by Judge Solomon Oliver for an unrelated 2012 federal conviction. White appealed,[2] and the Sixth Circuit affirmed the verdict.[3]

---

[1] *See* Doc. 92.
[2] Doc. 128.
[3] Doc. 164 (mandate).

Case No. 14-CR-185
Gwin, J.

On November 14, 2016, White filed a petition for habeas corpus under 28 U.S.C. § 2255 to vacate his conviction.[4] In this petition, White alleged that 1) the government violated his right to a speedy trial; 2) the government's delay in bringing his indictment from 2010 to 2014 violated his due process and equal protection rights; and 3) he received ineffective assistance of counsel. On April 13, 2017, the Court denied his petition and certified that no good faith appeal could be taken from the denial.[5] Petitioner appealed,[6] and the Sixth Circuit denied his application for a certificate of appealability.[7]

On November 27, 2017, White moved to vacate his conviction and sentence under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[8] The Court denied his motion.[9] White appealed,[10] and on June 8, 2018 the Sixth Circuit again denied his motion for a certificate of appealability.[11]

On August 9, 2018, White brought the instant motion to vacate his conviction and sentence under Rule 60(b)(3).[12]

## II. Discussion

A criminal defendant may, in certain limited circumstances, move under Rule 60(b) to obtain relief from the denial of a habeas petition.[13] Petitioner seeks relief under 60(b)(3), which provides that: "[o]n motion and just terms, the court may relieve a party or its legal

---

[4] Doc. 178.
[5] Doc. 191.
[6] Doc. 193.
[7] Doc. 200.
[8] Doc. 202.
[9] Doc. 206.
[10] Doc. 209; 210.
[11] Doc. 213.
[12] Doc. 214. The Government opposes. Doc. 215. Petitioner Responds. Doc. 218.
[13] *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (holding that Rule 60(b) motion seeking to vacate denial of state habeas petition under section 2254 was untimely). The Supreme Court's analysis of the relationship between Rule 60(b) and habeas review in *Gonzalez* applies to motions brought under section 2255 as well. *See In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007).

Case No. 14-CR-185
Gwin, J.

representative from a final judgment, order, or proceeding for . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" A motion for relief under 60(b)(3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding."[14]

However, where a Rule 60(b) motion seeks "to add a new ground for relief" from the conviction or "attacks the federal court's resolution of a claim *on the merits*," the motion should be considered a successive section 2255 petition to vacate, set aside, or correct the sentence.[15]

Here, Petitioner White alleges 1) that he was denied discovery, in violation of *Brady v. Maryland*;[16] and 2) that the U.S. Attorney's Office committed prosecutorial misconduct by delaying his indictment on the tax charges from 2010 to 2014.

The former claim is a new ground for relief from his criminal conviction. The latter claim is a poorly-disguised retread of the claim, initially raised in White's criminal appeal and initial habeas petition, that the pre-indictment delay represented a violation of his due process rights. The Court has already resolved this latter claim on the merits. Thus, the court construes White's motion as a successive habeas petition.

Under 28 U.S.C. 2244(b)(3), a federal prisoner seeking to file a second or successive petition attacking a sentence, under section 2255, must first request an order from the court of appeals authorizing the district court to entertain a second or successive petition. If a

---

[14] Fed. R. Civ. P. 60(c)(1).
[15] *See Nailor*, 487 F.3d at 1022-23 (explaining that otherwise, Rule 60(b) could be used to "circumvent the requirement that a successive habeas petition be precertified by the court of appeals").
[16] 373 U.S. 83 (1963).

Case No. 14-CR-185
Gwin, J.

prisoner files a successive petition in the district court, the proper course is to transfer the motion to the court of appeals.[17] Thus, the Court transfers the motion to the Sixth Circuit.

If the instant motion were not a successive habeas petition, the Court would deny it as untimely. The Court denied White's 2255 petition on April 13, 2017, and he filed this Rule 60(b)(3) motion on August 9, 2018. Thus, the motion was not brought within a year of the Court's entry of the judgment to be set aside, as required by Rule 60(c)(1).

### III. CONCLUSION

For the reasons stated above, the Court construes Petitioner's motion as a successive 2255 petition and **TRANSFERS** it to the Sixth Circuit for consideration.

IT IS SO ORDERED

Dated: October 9, 2018            *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[17] See *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).