UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:14-cr-00185 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Doc. 246] |
| v. | |
| KENNETH A. WHITE, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Kenneth A. White requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The government opposes.[2]

For the following reasons, the Court **DENIES** White's motion.

I.  Background

On October 31, 2014, a federal jury found White guilty on one count of conspiracy to make false claims and six counts of making false claims.[3] On April 6, 2015, this Court sentenced White to a total of 155 months of incarceration and three years of supervised release.[4] White is scheduled for release in January 2029.[5]

II.  Discussion

On August 10, 2020, White moved for compassionate release.[6] On January 22, 2021, White's court-appointed counsel filed a supplement in support of White's motion.[7] White

---

[1] Docs. 246, 254.
[2] Doc. 257.
[3] Doc. 92.
[4] Doc. 127.
[5] Doc. 257.
[6] Doc. 246.
[7] Doc. 254.

Case No. 1:14-cr-00185
GWIN, J.

seeks a sentence reduction because he has a pre-existing condition that increases his risk of serious illness if contracts COVID-19. Moreover, White argues he received a significant trial penalty at sentencing and he has served a substantial portion of his sentence.[8]

The government opposes.[9] The government agues White has not established that extraordinary and compelling reasons warrant release. Moreover, the government contends that the § 3553 sentencing factors do not support a sentence reduction.[10]

### A. Exhaustion

The Court may modify a defendant's sentence upon a motion from the defendant if the defendant filed the motion thirty or more days after the defendant sent a compassionate release request to their warden.[11]

The government admits that White has satisfied the statutory exhaustion requirement.[12]

### B. Eligibility

Generally, to grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[13] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[14]

---

[8] Doc. 254.
[9] Doc. 257.
[10] *Id*.
[11] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[12] Doc. 257. at 5–6.
[13] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).
[14] *Id*. at 518. (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A))) (internal quotation marks omitted).

Case No. 1:14-cr-00185
GWIN, J.

However, there are presently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[15] Therefore, in cases, as here, where an inmate files a motion on their own behalf, the court "may skip step two."[16]

In this case, White has not established that extraordinary and compelling reasons warrant compassionate release. The Court acknowledges that White is marginally obese, which can increase his risk for serious illness from COVID-19. But White contracted COVID-19 in December 2020 and has since recovered. Moreover, the risk of contracting COVID-19 at FCI McKean, where White is housed, has decreased in recent weeks. Presently, there are are no confirmed COVID-19 cases among inmates, and only two staff members currently have COVID-19.[17] Further, FCI McKean has fully vaccinated 605[18] of its 971 inmates.[19]

Further, the § 3553 factors do not support compassionate release. White has a history of committing financial fraud and the fraud for which he is currently imprisoned was for hundreds of thousands of dollars.[20] The Court believes the sentence it originally imposed is still appropriate in light of the sentencing factors.

---

[15] See Elias, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); Jones, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[16] Jones, 980 F.3d at 1111.

[17] See Federal Bureau of Prisons, COVID-19 Cases FCI McKean, June 4, 2021, https://www.bop.gov/coronavirus/ (last visited June 7, 2021).

[18] See Federal Bureau of Prisons, COVID-19 Vaccine Implementation, June 4, 2021, https://www.bop.gov/coronavirus/ (last visited June 7, 2021).

[19] See Federal Bureau of Prisons, FCI McKean, https://www.bop.gov/locations/institutions/mck/ (last visited June 7, 2021).

[20] Doc. 257. at 5–6.

Case No. 1:14-cr-00185
GWIN, J.

### III.  Conclusion

For the foregoing reasons, the Court **DENIES** White's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

Dated: June 8, 2021                              *s/      James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE