UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES, | CASE NO. 1:14-cr-00185 |
| Plaintiff, | OPINION & ORDER |
| | [Resolving Docs. 264, 267] |
| v. | |
| KENNETH A. WHITE, | |
| Defendant. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In 2014, a jury convicted Defendant Kenneth A. White of conspiracy to defraud the government and making false claims to the Internal Revenue Service ("IRS").[1] The Court then sentenced him to 155 months in prison to run consecutively to his other sentence in two different non-tax federal cases.[2]

Now, White requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582. This is his second motion for compassionate release. White also requests that the Court appoint counsel to assist him with the motion.

For the following reasons, the Court **DENIES** both of White's motions.

I. Discussion

To qualify for compassionate release, White must show, among other things, that there are extraordinary and compelling reasons for sentence reduction.[3] But White has not made such showing here.

---

[1] Doc. 92.
[2] Doc. 127.
[3] *See* 18 U.S.C. § 3582(c)(1)(A). Inmates must also show that a sentence reduction would be consistent with any applicable Sentencing Commission policy statements and that the 18 U.S.C. § 3553(a) statutory sentencing factors weigh in favor of release. *United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021). "[D]istrict courts may deny compassionate-

Case No. 1:14-cr-00185
GWIN, J.

White alleges an improper sentencing enhancement. Specifically, White says that the Court wrongfully considered both actual and intended losses to enhance his sentence. Under U.S.S.G. § 2B1.1(a)(2), the conspiracy offense has a base offense level of 6. But § 2B1.1(b)(1)(I) instructs courts to increase the offense level by 16 if the loss exceeded $1,000,000, but was less than $2,500,000. This case involved an actual loss of $342,365.60 and an intended loss of $1,995,687. The Court looked at the intended loss and applied a 16-level increase based upon the intended loss. White argues that the Court should only have considered the actual loss, not the intended loss.

To support his argument, White points to an out-of-circuit case, *United States v. Banks*,[4] which found that a graduated scale of sentencing level increases based on the monetary amount of loss only applies to actual loss. But the Sixth Circuit has since rejected that interpretation. In *United States v. You*, the Sixth Circuit explains that in the § 2B1.1 context, courts can consider intended loss when gauging defendants' culpability because the Sentencing Guidelines say that "the purpose of estimating 'loss' is to assess 'the seriousness of the offense and the defendant's relative culpability.'"[5]

White engaged in a scheme where a large number of business taxes were filed that claimed large refunds and falsely represented Form 1099 tax withholdings that had never been made and claimed refunds based upon those withholdings.

In processing these refund requests, the Internal Revenue Service suspected the refund requests were fraudulent, but the Internal Revenue Service faced a Congressionally-imposed refund time requirement. Although Congress required the Internal Revenue Service

---

release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).

[4] 55 F.4th 246, 258 (3d Cir. 2022).
[5] *Id.* (citing

- 2 -

Case No. 1:14-cr-00185
GWIN, J.

to make refunds within a time limit, the Internal Revenue Service slow-walked the refunds. Although White had intended a $1,995,687 loss, delay and stop payment orders resulted in a $342,365.60 actual loss.

Because of the IRS suspicions and IRS actions, White did not cash all of the IRS checks or receive all of the IRS refunds. But he still had the intent of getting all of the money from the IRS. The Court finds that it was appropriate to consider the intended loss, as it better reflects White's culpability. Accordingly, White's compassionate release motion fails.[6]

## II. Conclusion

For the above reasons, the Court **DENIES** Defendant White's motion for compassionate release and motion for appointment of counsel.

IT IS SO ORDERED.

Dated: August 11, 2023            *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[6] As White does not raise any other issues in the instant compassion release motion, the Court declines to use its discretion to appoint counsel to assist White with the motion.