UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:14-cr-00185-1 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 273, 282] |
| v. | : | |
| | : | |
| KENNETH A. WHITE, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this criminal tax fraud case, Defendant Kenneth White is currently serving a 155-month sentence.[1]  Defendant White filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).[2]

Under Section 3582(c)(1)(A), a district court may reduce a defendant's sentence if the defendant shows: (1) there are "extraordinary and compelling" reasons for a sentence reduction; (2) a sentence reduction is consistent with the Sentencing Commission's applicable policy statements; and (3) the 18 U.S.C. § 3553(a) factors support a reduction.[3]  If the defendant fails to satisfy any one of these three requirements, the district court need not consider the other two requirements.[4]

Here, Defendant White argues that there are extraordinary and compelling reasons for a sentence reduction because he is serving an unusually long sentence, one of the grounds for sentencing reduction described by the Sentencing Commission's policy

---

[1] Doc. 127.
[2] Doc. 273.
[3] *United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).
[4] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

Case No. 1:14-cr-00185-1
GWIN, J.

statement.[5]  Specifically, the policy statement reads:

> **Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason . . . .[6]

Defendant White points to *Alleyne v. United States*[7] as the relevant change in law justifying a reduced sentence.[8]  But the Supreme Court decided *Alleyne* in 2013.  And this Court sentenced White in 2015.[9]  Because *Alleyne* came before White's sentencing, *Alleyne* is not a change in law.

Defendant White also appears to argue that his Sentencing Guidelines calculation was wrong because the Court used intended loss rather than actual loss.[10]  However, Section 3582(c)(1)(A) is not the proper procedure for challenging Guidelines calculations.[11]

Even if White could challenge his Guidelines calculation here, he is wrong to say that courts must use actual loss.  Under Sixth Circuit precedent, courts are allowed to use intended loss for sentencing calculations.[12]

For these reasons, the Court finds that Defendant White has not shown extraordinary and compelling reasons for a sentence reduction.  The Court therefore **DENIES** the sentence reduction motion.  The Court also **DENIES** White's motion to expedite as moot.

IT IS SO ORDERED.

Dated: July 29, 2024                                    s/      James S. Gwin
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE

---

[5] Doc. 273 at PageID 3018.
[6] U.S.S.G. § 1B1.13(b)(6).
[7] 570 U.S. 99 (2013).
[8] Doc. 273 at PageID 3018–21.
[9] Docs. 126, 127.
[10] Doc. 273 at PageID 3021.
[11] *United States v. Stinson*, No. 1:19-cr-30, 2022 WL 4182360, at *4 (S.D. Ohio Sept. 13, 2022).
[12] *United States v. Smith*, 79 F.4th 790, 797–98 (6th Cir. 2023).